UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:
10-61147-CIV-MORENO

EDDIE ALEXANDER BANKS,

    Plaintiff,

vs.

STATE OF FLORIDA,

    Defendant.
_____/



CLOSED CIVIL CASE

## ORDER DISMISSING CASE AND DENYING ALL PENDING MOTIONS AS MOOT

THIS CAUSE came before the Court upon a *sua sponte* examination of the record. For the reasons set forth below, this case is DISMISSED. Additionally, all pending motions are DENIED AS MOOT.

In his *in forma pauperis* complaint, Plaintiff alleges that he is entitled to a declaratory judgment regarding the nature of his citizenship and his general legal rights.

Under 28 U.S.C. § 1915(e)(2)(B)(i), a court "shall dismiss the [*in forma pauperis* action] at any time if the court determines that . . . the action . . . is frivolous or malicious." According to the United States Supreme Court, a complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing dismissals under former section 1915(d), which contained the same language as current section 1915(e)(2)(B)(i)). A court may dismiss claims under section 1915(e)(2)(B)(i) where the claims rest on an indisputably meritless legal theory or are comprised of factual contentions that are clearly baseless. *Id.* at 327.

In *Neitzke*, the Supreme Court provided several examples of frivolous or malicious claims. Where the defendant is clearly immune from suit, or where the plaintiff alleges infringement of a legal interest which obviously does not exist, then the claim is founded on an indisputably meritless legal

theory. *Id.* at 327. Claims detailing fantastic or delusional scenarios fit into the factually baseless category. *Id.* at 327-28. Finally, the Court also notes that a *pro se* plaintiff must be given greater leeway in pleading his complaint. *See Haines v. Kerner*, 404 U.S. 519 (1972).

Mindful of these principles, the Court proceeds to evaluate Plaintiff's *in forma pauperis* complaint. Plaintiff claims that the Court has jurisdiction pursuant to the Declaratory Judgment Act and requests that the Court make certain declarations regarding his citizenship and his legal rights. Plaintiff appears to request that the Court declare that his "Reaffirmation of Dual Citizenship And Renunciation of Attempted Expatriation" is valid and that his is owed trademark protection for the use of his name. Both claims are severely incomplete and without explanation. Plaintiff apparently claims to be a citizen of both the State of Maryland and "the clan of Banks." There is no indication that Plaintiff has been legally harmed or that there is reason to believe he will suffer harm from any source. Moreover, the complaint contains no discernible valid basis for federal subject matter jurisdiction. Plaintiff's complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), because it does not contain "an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 327. After reviewing the entire complaint, the Court concludes that the claims are indisputably meritless. Accordingly, it is

**ADJUDGED** that this case is DISMISSED, and all pending motions are DENIED AS MOOT. This case is CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of July, 2010.

_____
FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record